IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JESSIE RAY WILLIAMS                                                                                       PLAINTIFF

v.          Lead Civil No. 1:25-cv-01047-SOH-SGS
            Member Civil No. 1:25-cv-01082-SGS

TAD HUSTMAN; DEPUTY JOSH POLLOCK;
DEPUTY DERRICK HILL; OFFICER VORHEES;
DEPUTY JAMES SLAUGHTER; and
LACY MONDRAGON                                                                                        DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Jessie Ray Williams filed this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983.  Currently before the Court is Ashley County Defendants' Motion to Dismiss for failure to prosecute.  (ECF No. 28).

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3) (2011), the Honorable Susan O. Hickey, United States District Judge, referred the instant motions to the undersigned for the purpose of making a Report and Recommendation.

### I.     BACKGROUND

Plaintiff, Jessie Ray Williams, originally submitted this 42 U.S.C. § 1983 action *pro se* on June 17, 2025. (ECF No. 1).  The Court provisionally filed Plaintiff's Complaint until his *in forma pauperis* ("IFP") status could be determined.  (ECF No. 2).  Plaintiff was granted IFP status on July 11, 2025. (ECF No. 6).  Plaintiff filed an Amended Complaint on September 17, 2025.  (ECF No. 11).  The Court ordered service and the Ashley County Defendants responded to service with their first Motion to Dismiss and supporting Brief.  (ECF No. 17-18).  Ashley County Defendants

argue Plaintiff's Amended Complaint should be dismissed because it is duplicative of his Complaint in Civil Case Number 1:25-cv-01009. (ECF No. 18).

The Court ordered Plaintiff to respond to Ashley County Defendants' Motion to Dismiss by December 4, 2025. (ECF No. 20). This Order was not returned as undeliverable mail.

On November 18, 2025, Defendant Slaughter filed a Motion for Judgment on the Pleadings and a Brief in support. (ECF Nos. 24-25). In these documents, Defendant Slaughter argued: (1) Plaintiff's claims against Defendant Slaughter, in the instant case, should be dismissed because they are identical and duplicative of his claims in Civil Case Number 1:25-cv-01009; and (2) in the alternative, the Court should consolidate this case with Case Number 1:25-cv-01009. (ECF No. 24).

On November 19, 2025, the Court ordered Plaintiff to respond to Defendant Slaughter's Motion for Judgment on the Pleadings by December 10, 2025. (ECF No. 26). This Order was not returned as undeliverable.

On December 1, 2025, Plaintiff filed a document titled: "Re: Response to U.S.D.C Western District of Arkansas Judge on case 1:25-cv-01082-SGS, 1:25-cv-01047." (ECF No. 27). The Clerk of the Court docketed this document as a Response to Defendant Slaughter's Motion for Judgment on the Pleadings. *Id.*

On January 15, 2025, Ashley County Defendants filed their second Motion to Dismiss and supporting Brief. (ECF Nos. 28-29). In these documents, Ashley County Defendants argue for dismissal of Plaintiff's Amended Complaint for failure to comply with the Court's Orders to respond to the first Motion to Dismiss and failure to prosecute. *Id.* Plaintiff has not responded to this second Motion to Dismiss.

By Report and Recommendation, dated December 12, 2025, the Court recommended Plaintiff's Civil Case Number 1:25-cv-01009 be dismissed for failure to prosecute. *Williams v. Slaughter, et al.,* Civil Case No. 1:25-cv-01009 at ECF No. 37. The Honorable Susan O. Hickey, United States District Judge, adopted this Report and Recommendation by Order dated January 14, 2026, dismissing Plaintiff's claims in Civil Case Number 1:25-cv-01009 without prejudice. *Id.* at ECF No. 38.

On November 6, 2025, Plaintiff filed a new case at Civil Case Number 1:25-cv-01082. In that case Plaintiff alleges the exact claim in his Amended Complaint herein, plus a retaliation claim. *Williams v. Slaughter,* et al., Civil No. 1:25-cv-01082, at ECF No. 7.

On February 6, 2026, the Court entered a Consolidation Order herein, consolidating Civil No. 1:25-cv-01082 with the instant case and holding both Ashley County Defendants' First Motion to Dismiss and Defendant Slaughter's Motion for Judgment on the Pleadings MOOT. (ECF No. 32).

## II.     DISCUSSION

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. ... If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a

case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Further, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified. FED. R. CIV. P. 41(b); *Brown*, 806 F.2d at 803. In considering a Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct"; (2) the adverse impact of the conduct on the Defendants; and (3) the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint. [The Court must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court. However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily.

*Id.*

The Court finds Plaintiff's filing on December 1, 2025 (ECF No. 27) was an attempt to respond to Ashley County Defendants' Motion to Dismiss even though the Clerk filed it as only a response to Defendant Slaughter's Motion for Judgment on the Pleadings. Accordingly, the Court finds Plaintiff is currently attempting to prosecute this matter and dismissal pursuant to Local Rule 5.5(c)(2) and Federal Rule of Civil Procedure 41(b) is not warranted at this time. However, Ashley

County Defendants should be allowed to reassert this Motion should Plaintiff fail to respond or prosecute in the future.

## I.     CONCLUSION

Therefore, the Court RECOMMENDS Ashley County Defendants' Motion to Dismiss (ECF No. 28) be **DENIED AND DISMISSED WITHOUT PREJUDICE**.

**REFERRAL STATUS: This case should remain referred.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED this 9th day of February 2026.**

/s/ *Spencer G. Singleton*
HON. SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE